UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVE ALAN MAHONEY,<br><br>               Plaintiff,<br><br>  v.<br><br>KITSAP COUNTY JAIL, DR. JOHNSON, DR. LUCE, and B. JEUUK,<br><br>               Defendants. | No. C10-5140 RBL/KLS<br><br>ORDER DENYING SECOND MOTION FOR THE APPOINTMENT OF COUNSEL |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's second motion for appointment of counsel. Dkt. 21. Plaintiff's first motion for appointment of counsel (Dkt. 6) was denied. Dkt. 8. Having carefully reviewed Plaintiff's motion, and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's second motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may

ORDER DENYING MOTION FOR COUNSEL - 1

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff maintains that he should be appointed counsel because he has no money and limited access to research and discovery.  He claims that because he is incarcerated, he might be subject to lockdowns or other "unforeseen circumstances," that could prevent him from meeting deadlines.  Dkt. 21, p. 1.  He also claims that he has numerous medical conditions that could result in hospitalization where he could not meet his obligations, but that he cannot prove these medical conditions because he does not have access to professional testimony or medical records.  *Id.*, pp. 1-2.

ORDER DENYING MOTION FOR COUNSEL - 2

Plaintiff's inability to obtain counsel and lack of legal skills are not exceptional circumstances which warrant the appointment of counsel.  There is nothing in the motion for counsel presented to the court to indicate that a finding of exceptional circumstances is warranted in this case.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant.  Concerns about deadlines may be addressed through motions at the appropriate time.

There is no evidence that Plaintiff's medical conditions affect his ability to adequately pursue his claims.  Plaintiff filed his complaint *pro se* and in fact, has demonstrated an adequate ability to articulate his claims *pro se*.  Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them.  Plaintiff has also not shown a likelihood of success on the merits.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. 21) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  16th  day of August, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3