UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVE ALAN MAHONEY,

                Plaintiff,

  v.

KITSAP COUNTY JAIL, DR. JOHNSON, DR. LUCE, and B. JEUUK,

                Defendants.

No. C10-5140 RBL/KLS

ORDER DIRECTING PLAINTIFF TO PROVIDE SERVICE ADDRESSES

     This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 4. On March 31, 2010, the court directed the U.S. Marshal to serve the named defendants with Plaintiff's Complaint. ECF No. 7. On June 3, 2010, the U.S. Marshal filed an unexecuted return of service for Dr. Luce noting that "subject is not at the provided address." ECF No. 11. No return of service has been received for Defendant B. Jeuuk. Plaintiff's claims against the Kitsap County Jail and Dr. Johnson have been dismissed with prejudice. ECF Nos. 51 and 52.

     Because service was never effected over Defendants Luce and Jeuuk, the court has no personal jurisdiction over them. If Plaintiff wishes to pursue his claims against these

ORDER - 1

individuals, he must provide current addresses, along with properly completed summonses so that the court may direct that service be again attempted.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed.R.Civ.P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshall, upon order of the court, shall serve the summons and complaint. Fed.R.Civ.P. 4(c)(2). A pro se plaintiff is entitled to rely on the U.S. Marshal for service of the summons and complaint and will not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9t Cir. 1990)), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Despite Plaintiff's *in forma pauperis* status, he must supply the information necessary to identify the defendants to be served. See *Walker v. Sumner*, 14 F.3d at 1415.

Accordingly, it is **ORDERED:**

(1) The Clerk is directed to send to Plaintiff a copy of this Order, a copy of the court's docket, and summons forms.

ORDER - 2

(2) Plaintiff is directed to provide the court with the current address and completed summons **on or before January 28, 2011.**  If Plaintiff fails to do so, the court will recommend dismissal of his claims against Defendants Luce and Jeuuk for failure to prosecute**.**

**DATED** this  6th  day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3