UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVE ALAN MAHONEY,

                Plaintiff,

   v.

KITSAP COUNTY JAIL, DR. JOHNSON,
DR. LUCE, and B. JEUUK,

                Defendants.

No. C10-5140 RBL/KLS

**REPORT AND RECOMMENDATION**
Noted for: March 11, 2011

    This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 4. Plaintiff's claims against the Kitsap County Jail and Dr. Johnson have been dismissed with prejudice. ECF Nos. 51 and 52. The remaining two defendants, Dr. Luce and B. Jeuuk, have never been served with process and therefore, the Court lacks personal jurisdiction over them.

    On March 31, 2010, the court directed the U.S. Marshal to serve the named defendants with Plaintiff's Complaint. ECF No. 7. On June 3, 2010, the U.S. Marshal filed an unexecuted return of service for Dr. Luce noting that "subject is not at the provided address." ECF No. 11. No return of service has been received for Defendant B. Jeuuk. On January 6, 2011, the court directed Plaintiff to provide service addresses for Defendant Luce and Jeuuk and advised Plaintiff that his failure to do so would result in a recommendation that the Court dismiss the

REPORT AND RECOMMENDATION - 1

unserved defendants. ECF No. 53. Plaintiff was given until January 28, 2011 to provide the court with current addresses and completed summons. He has not done so.

Because service was never effected over Defendants Luce and Jeuuk, the court has no personal jurisdiction over them. A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4. I*n re Focus Media*, 387 F.3d 1077, 1081 (9th Cir.2004), *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986).   Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed. R. Civ. P. 4(m). A pro se plaintiff is entitled to rely on the U.S. Marshal for service of the summons and complaint and will not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9t Cir. 1990)), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, despite a plaintiff's pro se status, he must supply sufficient and accurate information necessary to identify the defendants to be served. If he fails to do so, *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Plaintiff was given until January 28, 2011 to provide the court with the current address and completed summons for the unserved defendants. He has failed to do so and has shown no good cause for his failure to do so.

## CONCLUSION

Although he was given ample time to provide service addresses for Defendants Luce and Jeuuk, Plaintiff has failed to do so. This court has no personal jurisdiction over Defendants Luce and Jeuuk and Plaintiff's claims against them should be **dismissed without prejudice.**

REPORT AND RECOMMENDATION - 2

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 11, 2011**, as noted in the caption.

DATED this  15th day of February, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3